UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| United States of America., )<br>                       Plaintiff, )<br>                       )<br>    v.                         )<br>                       )<br>John M. Goodin, )<br>Deborah C. Goodin, )<br>Shelba Goodin Shrum, )<br>Suntrust Bank, Inc., )<br>                    Defendants. )<br>                       ) | **JUDGMENT**<br><br>No. 5:09-CV-203-BR |

**Decision by Court.**

This action came before Senior United States District Judge W. Earl Britt for the consideration of the government's motion for default judgment against Deborah Goodin and for an order of sale regarding real property. The government's motion is allowed. The court finds that there is no just reason for delay of the entry of judgment against defendant Deborah C. Goodin.

**IT IS ORDERED, ADJUDGED AND DECREED** that:

    1. The United States have and recover of defendant Deborah C. Goodin the total amount of $161,627.96 for unpaid 1997, 1998, 1999, 2000, 2001 and 2002 federal individual income taxes, penalties and interest and unpaid penalty liabilities with respect to her 2001, 2003 and 2004 tax years, plus statutory interest under 26 U.S.C. § 6621 from 15 August 2011, until paid;

    2. The United States has valid and existing federal tax liens against all property and rights to property owned by defendants John M. Goodin and Deborah C. Goodin;

    3. The United States' federal tax liens against defendants John M. Goodin and Deborah C. Goodin and the nominee federal tax lien against Stage One Enterprises as nominee of John M. Goodin are foreclosed against the subject property described below, and such property is to be sold pursuant to 28 U.S.C. §§ 2001 and 2002 in the manner set forth below.

    A. The real property upon which the United States is entitled to foreclose is listed as owned by Stage One Enterprises, a nominee of John M. Goodin, and is located in Wake County, North Carolina at 3509 Yates Mill Pond Rd., (hereinafter referred to as "the Property") and is more fully described as follows:

BEING all of Lot 9, Mill Creek Subdivision, according to a map recorded
in Book of Maps 1977, Volume I, Page 90, Wake County Registry.

B. The United States Marshal for the Eastern District North Carolina or his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized under 28 U.S.C. §§ 2001 and 2002 to offer for sale at public auction, and to sell the subject property to satisfy the United States' federal tax liens against such property;[1]

C. The Marshal, his or her representative, or the PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser;

D. All persons occupying the Property shall permanently leave and vacate the premises upon receiving thirty (30) day notice from the United States Marshal or the Internal Revenue Service, taking with them their personal property but leaving all improvements, buildings, fixtures, and appurtenances to the Property. If any person fails or refuses to vacate any of the Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person from the premises of the Property. If any person fails or refuses to remove personal property, such property is deemed forfeited and abandoned, and the United States Marshal or the Internal Revenue Service is authorized to dispose of such personal property in any manner it deems appropriate, including, but not limited to, the sale of such personal property. The proceeds of the sale from any such personal property shall be applied first to the expenses of sale, and then remitted to the United States to be applied toward defendant John M. Goodin's unpaid federal income tax liabilities. Other than the expenses of the sale of abandoned personal property, any costs incurred or associated with a person's failure or refusal to vacate the Property or to remove personal property therefrom, shall be administrative costs of the sale and shall be recovered by United States Marshal or the PALS from the proceeds of the sale.

E. The sale of the Property shall be free and clear of the interests of any of the defendants to this action;

F. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and any easements and restrictions of record, if any;

G. The Property shall be sold by public auction to take place within Wake County, North Carolina, either on the premises themselves or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

---

[1] The United States shall make the arrangements for the United States Marshal's Office or the PALS to sell the Property as set forth in this order. The United States may choose either the United States Marshal or the PALS to carry out the sale under this order.

H. The times and places for the sales of the Property are to be announced by the United States Marshal, his or her representatives, or the PALS;

I. The sale of the Property shall be advertised once each week for four (4) consecutive weeks preceding the time fixed for such sale in a daily newspaper of general circulation in Wake County, North Carolina, and by any other notice that the United States Marshal or his/her representative, or the PALS in his/her discretion may deem appropriate. The notices of sale shall contain a description of the property to be sold and shall contain the terms and conditions of sale in this order and decree;

J. The Property shall be sold to the highest bidder with the United States having the right to withdraw the Property from bidding at any time prior to the acceptance of a bid, if in the opinion of the United States, the bids are inadequate;

K. If there are any municipal liens (including county and city property taxes and utility liens) on the Property, the United States shall obtain from the municipality a bill, statement or claim for any delinquent amounts secured by such liens and deliver same to the United States Marshal or the PALS ten (10) days in advance of said sale. Satisfaction of any municipal liens shall be from the sale proceeds pertaining to the property subject to such liens, and the Property shall be sold free and clear of such municipal liens;

L. No bid on the Property (except as to the United States) shall be accepted unless the same is accompanied by a certified check or a cash deposit of at least ten percent (10%) of the amount of the bid payable to the United States District Court for the Eastern District of North Carolina. Before being permitted to bid at the sale, bidders shall display to the United States Marshal, his/her representative, or to the PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if he or she is the successful bidder, he or she can make the deposit required by this order;

M. The balance of the purchase price on the Property shall be paid to the United States Marshal or the PALS (whichever person is conducting the sale as arranged by counsel for the United States) within sixty (60) days after the date the bid is accepted. Payment shall be by a certified or cashier's check payable to the United States District Court for the Eastern District of North Carolina. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be turned over to the Internal Revenue Service to be applied to John M. Goodin's federal income tax liabilities, and the Property shall be again offered for sale under the terms and conditions of this order and decree.

N. The sale of the Property shall be subject to confirmation by this court. On confirmation of the sale, the United States Marshal or the PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser(s). On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by the United States or the defendants in this action are discharged and extinguished.

O. No later than thirty (30) days after receipt of the balance of the purchase price, the

United States Marshal or the PALS shall file a report of sale with the court, together with a proposed order of confirmation of sale and proposed deed.

  P. The recorder of deeds of Wake County, North Carolina, shall proceed to record the deed in favor of the purchaser(s).

  Q. Until the Property is sold, defendant John M. Goodin shall take all reasonable steps necessary to preserve the Property (including all improvements, fixtures and appurtenances) in its current condition including, without limitation, maintaining fire and casualty insurance on the Property at his own expense. John M. Goodin shall not commit waste against the property, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Property, nor shall he cause or permit anyone else to do so. He shall take no action which may tend to deter or discourage potential bidders from participating in the public auction.

  R. The Property is to be sold subject to any leases currently in effect with any rights and obligations of defendant John M. Goodin under such leases to be transferred to the purchaser of the Property.

  S. If the United States Marshal, or his or her representative, conducts the sale, the proceeds from the sale(s) of the Property shall be distributed in the following order:

    i. First, to the United States Marshal for the costs of the sales;

    ii. Second, to any municipality to satisfy any municipal liens (including county and city property taxes and utility liens) on the Property as stated in subparagraph K above;

    iii. Third, to SunTrust Bank in the amount of $13,000.00;

    iv. Fourth, to the United States, on account of its federal tax liens against John M. Goodin; and

    v. Fifth, any surplus of the sale proceeds from the Property shall be deposited with the Clerk to be held until further order of the court;

  T. If the PALS conducts the sale of Property, the proceeds from the sale shall be distributed in the following order:

    i. First, to the PALS for the costs of the sales;

    ii. Second, to any municipality to satisfy any municipal liens (including county and city property taxes and utility liens) on the Property as stated in subparagraph K above;

    iii. Third, to SunTrust Bank in the amount of $13,000.00;

iv. Fourth, to the United States, on account of its federal tax liens against John M. Goodin; and

v. Fifth, any surplus of the sale proceeds from the Property shall be deposited with the Clerk to be held until further order of the court.

**This judgment filed and entered on November 3, 2011, and served on:**

Lawrence P. Blaskopf (via CM/ECF Notice of Electronic Filing)
Anitra Goodman Royster (via CM/ECF Notice of Electronic Filing)
Frank A. Hirsch, Jr. (via CM/ECF Notice of Electronic Filing)
Shelba Goodin Shrum (via US Mail at 1144 Castleberry Road, Clayton, NC 27520)

November 3, 2011                                    /s/ Dennis P. Iavarone,
                                                    Clerk of Court