UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CV-00203-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | ORDER |
| ) | |
| v. ) | |
| JOHN M. GOODIN, ) | |
| DEBORAH C. GOODIN, ) | |
| SHELBA GOODIN SHRUM, ) | |
| SUNTRUST BANK, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the government's motion to dismiss Count I of the complaint. The government seeks dismissal of this count because defendant John M. Goodin, against whom the count is directed, has a bankruptcy petition pending in this district, and therefore, by virtue of the automatic stay, the tax assessments against him may not be reduced to judgment during the pendency of the bankruptcy. The motion is ALLOWED, and Count I is DISMISSED WITHOUT PREJUDICE. To the extent Counts III and IV remain, they are

DISMISSED WITHOUT PREJUDICE.[1]  The Clerk is DIRECTED to close this case.

This 5 January 2012.

                                                                                 W. Earl Britt
                                                                                 Senior U.S. District Judge

---

[1] The complaint alleges four claims for relief.  Count I concerns defendant John M. Goodin's tax liabilities. Count II concerns defendant Deborah Goodin's tax liabilities, and on 3 November 2011, the court directed entry of default judgment against her.  Count III is entitled "Nominee."  Allegedly, Stage One Enterprises, of which defendant John M. Goodin is the trustee and nominee, holds title to the subject real property.  (Compl. ¶¶ 26, 27.) On this claim, the government also alleges that defendants Shrum and Suntrust Bank, Inc. ("Suntrust") may have an interest in the property.  (Id. ¶¶ 31, 32.)  Count IV alleges defendants John M. Goodin and Deborah Goodin fraudulently conveyed their interests in the subject property to Stage One Enterprises.  (Id. ¶¶ 41-45.)  While technically speaking the court has not entered judgment against Shrum or Suntrust or made specific findings regarding any fraudulent conveyance, the order of 3 November 2011, ordering the sale of the property, in effect gives the government all relief sought on Counts III and IV.  However, because the government considers disposition of Count I the only remaining issue, (see Memo., DE # 41-1, n.1), and to make the record clear that the court has disposed of all claims, the court orders the dismissal of Counts III and IV.